**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWT'E DABAR PRICE,

      Petitioner,                Civil No. 04-CV-74953-DT
                                  HONORABLE GEORGE CARAM STEEH
v.                             UNITED STATES DISTRICT JUDGE

H.J. MARBERRY,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Shawt'e Dabar Price, ("petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges the authority of the Bureau of Prisons (B.O.P.) to use the Inmate Financial Responsibility Program to collect assessment fees and fines that were imposed against petitioner by the United States District Court for the Western District of Michigan for one count of criminal contempt of court. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

      Petitioner entered a guilty plea to one count of criminal contempt of court in the United States District Court for the Western District of Michigan. On November 13, 2000, petitioner was sentenced to one hundred months incarceration and three

1

2:04-cv-74953-GCS-RSW   Doc # 10   Filed 05/18/05   Pg 2 of 7   Pg ID 145

years supervised release, to be served consecutively to a 1998 federal conviction for conspiracy to distribute and possession with intent to distribute cocaine, cocaine base, and marijuana. The federal court also imposed a two thousand dollar fine and ordered that the fine be paid "in full immediately or"... "in monthly installments of $ 20.00."

Upon petitioner's arrival at the federal correctional institution in Milan, petitioner was asked to sign an Inmate Financial Contract in order to participate in the Inmate Financial Responsibility Program. Under the terms of this contract, fifty percent of petitioner's monthly earnings from his prison job at UNICOR (Federal Prison Industries) were to be applied toward his fine. Petitioner claims that he did not voluntarily agree to participate in the IFRP, contending that he was coerced into doing so because the failure to participate in the IFRP could lead to the imposition of sanctions. Petitioner claims that the payment schedule set up by the B.O.P. for the payment of the fines was a modification of the sentence that was imposed by the court, in that the payment schedule exceeded the twenty dollar monthly installments that had been ordered by the court.

Petitioner sought relief from his inmate financial contract by filing an informal administrative remedy and a formal request with the warden. The warden of FCI-Milan denied petitioner relief with respect to the $ 2,600.00 fine that petitioner had been assessed in his 1998 conviction. However, the warden agreed that after the fine on petitioner's 1998 conviction had been paid in full, petitioner's unit team at

2

Milan could adjust the payment schedule in accordance with the 2000 judgment which had ordered that the fine be paid in full or in monthly installments of $ 20.00.

Petitioner subsequently filed a motion to enforce judgment of sentence with the sentencing court, which was denied as moot. *See United States v. Price,* 1:00-CR-57 (W.D. Mich. August 2, 2004)(McKeague, J.).  On September 14, 2004, the B.O.P. began deducting sixty ($ 60.00) dollars per quarter from petitioner's inmate account, in accordance with the $ 20.00 per month payment provision of the 2000 judgment.

Petitioner has now filed the instant petition for writ of habeas corpus, in which he challenges the constitutionality of the Inmate Financial Responsibility Program and the application of this program to his case.

## II.  Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).  Contrary to respondent's argument, petitioner's challenge to the Inmate Financial Responsibility Program's (IFRP) payment schedule for the fines that were imposed in his federal criminal case concerns the execution of his sentence and is therefore correctly framed as a habeas claim brought pursuant to Section 2241. *See Matheny v. Morrison,* 307 F. 3d 709, 711-12 (8th Cir. 2002).

3

The Inmate Financial Responsibility Program has been described as " a work program instituted by the Bureau of Prisons to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.'" *Weinberger v. United States,* 268 F. 3d 346, 360 (6th Cir. 2001)(*quoting Montano-Figueroa v. Crabtree*, 162 F. 3d 548, 548 (9th Cir. 1998)(quoting 28 C.F.R. § 545.10). The IFRP allows for the development of a financial plan which allows federal inmates to pay enumerated obligations, such as fines or restitution payments, while they are incarcerated. *Id.* (citing 28 C.F.R. § 545.11). The refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. § 545.11(d). Although acknowledging that it had not been presented with the issue, the Sixth Circuit has noted that other circuit courts had upheld the IFRP generally and against constitutional due process challenges. *Weinberger,* 268 F. 3d at 360. While not addressing any specific challenges to the IFRP, the Sixth Circuit noted that it had "implicitly endorsed the program". *Id.* (Citing *United States v. Webb*, 30 F. 3d 687, 690-91 (6th Cir. 1994); *United States v. Hill*, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999)). The Sixth Circuit has implicitly upheld the constitutionality of the IFRP in at least one other case. *See United States v. Callan,* 96 Fed. Appx. 299, 301 (6th Cir. 2004)(noting "the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject

4

matter jurisdiction to micromanage the IFRP for the Bureau of Prisons" and further noting that the authority that exists supports the IFRP against general, and due process, challenges). [1]

Petitioner's various constitutional challenges against the IFRP have been routinely rejected.   Courts have rejected petitioner's argument that the IFRP amounts to a usurpation of the sentencing court's Article III powers or is a violation of the separation of powers doctrine. *Montana-Figueroa v. Crabtree,* 162 F. 3d at 550; *Alevras v. Snyder,* 49 F. Supp. 2d 1112, 1114 (E.D. Ark. 1999).  Further, as the Sixth Circuit has noted, "due process challenges to the IFRP have uniformly been rejected." *Weinberger v. United States,* 268 F. 3d at 361, n. 6 (citing *Dorman v. Thornburgh*, 955 F. 2d 57, 58-59 (D.C. Cir. 1992); *Johnpoll v. Thornburgh*, 898 F. 2d 849, 851 (2nd Cir. 1990); *James v. Quinlan*, 866 F. 2d 627, 629 (3rd Cir. 1989)). In particular, a federal prisoner like petitioner has no cognizable liberty or property interest in any particular prison job assignment, or in being placed in any particular prison facility, and therefore, petitioner would not be entitled to any due process protections against the threatened loss of any prison job or facility placement for his failure to comply with the provisions of the Inmate Financial Responsibility Program.

---

[1]   While it is true that unpublished opinions carry no precedential weight, they often carry "persuasive weight." *United States v. Webber,* 208 F. 3d 545, 551, n. 3 (6th Cir. 2000).  Moreover, as one court has commented: "[T]he fact that West Group is now digesting and publishing, in its 'Federal Appendix' series, opinions not selected by the Court of Appeals for formal publication, certainly puts a new twist on just what constitutes an 'unpublished' opinion." *See In Re Park,* 275 B.R. 253, 258, n. 9 (Bankr. E.D. Va. 2002).

*See Williams v. Farrior,* 334 F. Supp. 2d 898, 904 (E.D. Va. 2004). Petitioner's claim that the Inmate Financial Responsibility Program was enacted in violation of the provisions of the Administrative Procedures Act has likewise been rejected. *See James v. Quinlan,* 866 F. 2d at 631. Finally, petitioner's claim that the Bureau of Prisons denied him an opportunity to be present or to speak before imposing the payment schedule is non-cognizable on habeas review. There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F. 3d 1220, 1223 (6th Cir. 1997)(citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, the failure to afford a defendant the right to allocution raises neither a jurisdictional or constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F. 3d 1234, 1240 (10th Cir. 1995); *See also Harrelson v. Trippett*, 67 F. 3d 299, 1995 WL 579571, * 9, fn. 5 (6th Cir. October 2, 1995).

Most importantly, petitioner is not entitled to habeas relief because the terms of the Inmate Financial Responsibility Program in this case do not violate the terms of petitioner's sentence. *See Mujahid v. Crabtree,* 999 F. Supp. 1398, 1402 (D. Or. 1998). The Bureau of Prisons has altered the installment payment schedule to provide for a sixty dollar quarterly deduction, which is in compliance with the sentencing court's original order that petitioner make monthly payments of twenty dollars. Accordingly, petitioner is not entitled to habeas relief on his claim.

6

## III. <u>ORDER</u>

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 18, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee

Secretary/Deputy Clerk

7