**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWT'E DABAR PRICE,

      Petitioner,                  Civil No. 04-CV-74953-DT
                                    HONORABLE GEORGE CARAM STEEH
v.                                UNITED STATES DISTRICT JUDGE

H.J. MARBERRY,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT PURSUANT TO FED. R. CIV. RULE 15

On May 18, 2005, this Court denied petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, in which petitioner challenged the authority of the Bureau of Prisons (B.O.P.) to use the Inmate Financial Responsibility Program to collect assessment fees and fines that were imposed against him by the United States District Court for the Western District of Michigan for his conviction for criminal contempt of court. Petitioner has now filed a motion for leave to file a supplemental traverse in this matter. For the reasons stated below, the motion is **DENIED.**

In the present case, petitioner was given an extension of time to file a traverse to the Government's answer and did, in fact, file a traverse to the answer on May 10, 2005. This Court reviewed the arguments raised by petitioner in his first traverse when adjudicating the original petition for writ of habeas corpus. Petitioner,

1

however, has now requested time to file a supplemental traverse, claiming that he served interrrogatories upon the respondent on April 18, 2005, and would like to supplement his traverse after receiving answers to these interrogatories from the respondents.

The Court will deny petitioner's request for four reasons. First, the Court has already issued a judgment in this matter. Under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Bishop v. Lane,* 465 F. Supp. 865. 866-67 (E.D. Tenn. 1978). Because petitioner has not moved to set aside the judgment in this case, this Court is without the power to allow him to file a supplemental traverse.

Secondly, to the extent that petitioner wishes to raise additional claims in his supplemental traverse, he would be unable to do so. A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)(citation omitted). A court cannot consider new issues raised in a traverse or reply to an answer to a petition for writ of habeas corpus. *Id.*

To the extent that petitioner is seeking discovery in this matter, he would also not be entitled to relief. Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. §

2

2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* If a habeas petitioner could point to specific evidence that might be discovered that would support his claims, he would be able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F. Supp. 2d at 718. However, without a showing of good cause and without a habeas petitioner citing to specific information concerning what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* Finally, a habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Burns,* 328 F. Supp. 2d at 718; *See also Payne v. Bell,* 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000).

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F. 3d at 460. A district court does not abuse its discretion by denying a habeas petitioner's request for discovery, where the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

In the present case, petitioner does not indicate what information he is seeking from respondent in these interrogatories, nor has he established that this is anything more than a "fishing expedition masquerading as discovery." Petitioner's discovery request is conclusory and he is therefore not entitled to an enlargement of time to

seek discovery in this matter or to file a supplemental response after receiving such discovery.

Finally, there is no provision which requires that a habeas petitioner be given the opportunity for a further submission following the respondent's answer, where no relief appears appropriate on the basis of the petition or the answer. *See United States ex. rel. Green v. Page*, 1999 WL 138206 (N.D. Ill. March 3, 1999). Because petitioner's claims were without merit, he is not entitled to file a supplemental traverse in this case.

### **ORDER**

Based upon the foregoing, the motion for leave to supplement pursuant to Fed. R. Civ. P. 15 is **DENIED.**


s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 31, 2005, by electronic and/or ordinary mail.


s/Josephine Chaffee

Secretary/Deputy Clerk

4